**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**July 1, 2026**

# In the Court of Appeals of Georgia

A26A0396. UNIVERSAL PROTECTION SERVICE, LLC v. STOVER.

PIPKIN, Judge.

Appellant Universal Protection Service, LLC ("UPS") appeals the denial of its motion to dismiss this renewal action filed by Appellee Pamela Stover. As explained below, Stover's renewal complaint was facially insufficient, and, at any rate, her claims against UPS are time barred. Accordingly, it was error to deny UPS's motion to dismiss, and we therefore reverse the judgment of the trial court.

1. "Whether a cause of action is barred by the statute of limitation generally is a mixed question of law and fact, but the question is one of law for the court when the facts are not disputed." *Harrison v. McAfee*, 338 Ga. App. 393, 395(2) (788 SE2d 872) (2016). Here, this appeal may be resolved on the face of the record before us;

consequently, our review is de novo. See *Beauparlant v. Aiken*, 362 Ga. App. 341, 341-42 (868 SE2d 482) (2022).

The undisputed record shows as follows.[1] On January 24, 2019, a vehicle driven by Stover was rear-ended by another vehicle. At the scene, the other driver identified himself as Joe Leonard Smith Jr., and he reported that the vehicle he was driving belonged to "Allied Universal." At the time of the accident, Smith was cited for a violation of OCGA § 40-6-49, an offense commonly referred to as "following too closely," which was ultimately disposed of on February 19, 2020. See OCGA § 40-13-58. This triggered the start of the two-year statute of limitation on Stover's personal injury claims arising out of the accident. See OCGA § 9-3-99.

On December 15, 2020, Strover filed a personal injury action against Smith and "Allied Universal Topco, LLC" arising out of the collision. However, in April 2021, the parties entered into a consent agreement to substitute Allied Universal with the proper party, namely, UPS, which was identified in full as "Universal Protection Services, LLC d/b/a Allied Universal Security Services." The parties subsequently

---

[1] As Stover acknowledges in her brief, "[t]he parties seem to agree on what actually happened in terms of litigation filings and milestones, and even when those events took place, but disagree about the legal implications of all that history."

engaged in discovery, but, approximately a year later, on May 4, 2022, Stover voluntarily dismissed the December 2020 action.

On November 3, 2022, Stover filed a "Complaint for Damages" -- which included no reference to the earlier litigation -- again naming Smith and "Allied Universal Topco" as defendants. Counsel for Stover apparently discussed the case with opposing counsel around November 9, 2022, and served Allied Universal on November 17, 2022. Realizing that she had named the wrong defendant, Stover thereafter purported to unilaterally amend her renewal complaint to add UPS as a defendant; she served the purported amended complaint on UPS on December 12, 2022, and then, weeks later, she moved the trial court to add UPS as a defendant to the new action. More than two years later, on December 20, 2024, the trial court granted Stover's motion to add UPS as a defendant, and, on that same day, Stover served the amended complaint on UPS.[2]

UPS thereafter answered the amended complaint by special appearance and contemporaneously filed a motion to dismiss. In its motion to dismiss, UPS argued, as relevant to this appeal, that Stover's renewal complaint was facially insufficient and

---

[2] It appears that Stover failed to actually serve a summons on UPS with the amended complaint.

that, because she had failed to add UPS as a defendant to the renewal action until after the expiration of the statute of limitation, the amended renewal complaint did not "relate back" to the filing date of the original renewal complaint and, thus, was time barred. In a brief response, Stover contended that the case was "ready for trial" and that UPS "has throughout the course of this litigation had actual knowledge that it [was] the target of the law suit" as evidenced by the consent order adding UPS to the original action and by the fact that UPS is represented by the same counsel as Allied Topco. On May 27, 2025, the trial court summarily denied UPS's motion to dismiss but granted UPS a certificate of immediate review. This Court subsequently granted UPS's application for interlocutory appeal. See *Stover v. Universal Protection Services, LLC*, A25I0260 (July 7, 2025).

2. As an initial matter, we agree with UPS that Stover's renewal complaint was facially insufficient. As both this Court and the Supreme Court of Georgia have explained over the last century,

> in order to show the right to renew the suit within six months after the dismissal of a prior suit on the same cause of action, when such right is relied upon to relieve the plaintiff of the bar of the statute of limitation, it is necessary for the renewal petition to *show affirmatively* that the former petition was not a void suit, that it is such a valid suit as may be

4

renewed under OCGA § 9-2-61, that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition.

*Whitesell v. Georgia Power Co.*, 341 Ga. App. 279, 281 (800 SE2d 370) (2017) (citation modified; relying on *Talley v. Commercial Credit Co. of Ga.*, 173 Ga. 828, 835(1) (161 SE 832) (1931)).

Here, Stover's renewal complaint does not even reference the earlier action, let alone satisfy these conditions. Further, while both this Court and the Georgia Supreme Court have recognized alternative ways to establish the validity of a renewal suit -- such as through a request for judicial notice or attaching past pleadings to various filings in the renewal suit, see, e.g., *Belcher v. Folsom*, 258 Ga. App. 191, 192 (573 SE2d 447) (2002) -- Stover does not suggest on appeal that she availed herself of these options. Instead, Stover argues on appeal that the requirements highlighted in *Whitesell* are not found in the plain text of OCGA § 9-2-61 (a) and "[t]here should be at least some question" as to whether the cases underpinning *Whitesell* are applicable because they "pre-date[] the adoption of the Civil Practice Act, which relaxed pleading standards [and] replace[d] issue pleading with notice pleading." While there

may be some force to this argument, Stover neither asks this Court to reconsider *Whitesell* nor does she explain how her renewal complaint -- which, as explained above, lacks any indication that it is a renewal action -- provides even the slightest notice that it is a renewed action pursuant to OCGA § 9-2-61 (a). For this reason alone it was error for the trial court to deny UPS's motion to dismiss.

3. Notwithstanding the facial insufficiency of the renewal complaint, we agree with UPS that it was error for the trial court to deny its motion to dismiss for an independent reason: Stover's claims against UPS are time barred.

Here, Stover filed her renewal complaint on November 3, 2022 -- which was outside of the two year statute of limitation and just one day before the expiration of the renewal period -- naming the two original defendants from the December 2020 action; she did not initially name or serve UPS, despite knowing that it was the proper party. It was not until December 7, 2022 -- nearly five weeks after the expiration of the renewal period and almost 10 months after the expiration of the statute of limitation -- that Stover attempted to unilaterally amend her complaint to add UPS as a defendant

and then serve UPS with the amended renewal complaint.[3] Stover does not contest this procedural time line but, instead, argues that UPS had sufficient notice of the action for her complaint to "relate back" under OCGA § 9-11-15(c).[4] However, even assuming that a plaintiff may use OCGA § 9-11-15 (c) to revive a time barred claim against a defendant not named in an initial renewal complaint -- which is not at all clear -- that statutory provision does not save Stover's action against UPS.

As our Supreme Court has explained, OCGA § 9-11-15(c) applies

provided that three conditions are met: (1) the claim "arises out of the conduct, transaction, or occurrence set forth … in the original pleading," (2) the proposed defendant, *before the statute of limitations expired*,

---

[3] While Stover purported to amend her complaint to add UPS as a defendant in December 2022, she did so without permission from the trial court. "As this Court previously has explained, an amendment to a complaint adding a new party without first obtaining leave of the court is without effect." *Connie v. Garnett*, 360 Ga. App. 24, 25-26(1) (860 SE2d 592) (2021). At best, UPS was added as a party in December 2024 after the trial court granted Stover's motion to add party and after UPS was served with the amended complaint.

[4] "An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

7

"received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits," and (3) the proposed defendant, *before the statute of limitations expired*, "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

*Oconee County v. Cannon*, 310 Ga. 728, 732-33(2) (854 SE2d 531) (2021) (citation modified; emphasis supplied). Here, even if the first condition is met, we agree with UPS that neither the second nor third condition can be satisfied because there is no evidence establishing the requisite knowledge requirement.[5]

While Stover asserts that UPS had notice of the renewal action because UPS "was a party to the initial lawsuit" filed in December 2020, she cites no authority

---

[5] Under these circumstances, the burden was on Stover to establish the applicability of OCGA § 9-11-15(c). Compare *Harper v. Mayor & Alderman of Savannah*, 190 Ga. App. 637 (380 SE2d 78) (1989) (citing *Baily v. Kemper Grp.*, 182 Ga. App. 604, 606 (356 SE2d 695) (1987)), and *Milburn v. Nationwide Ins. Co.*, 228 Ga. App. 398 (419 SE2d) (1997) (recognizing that a plaintiff generally bears the burden of demonstrating the applicability of OCGA § 9-11-15(c)),with *Watts v. Joseph*, 374 Ga. App. 367, 370 (912 SE2d 744) (2025), and *Swan v. Johnson*, 219 Ga. App. 450, 451 (1) (465 SE2d 684) (1995) (recognizing burden shifting with respect to OCGA § 9-11-15 (c) where defendant has moved for summary judgment). Even if the burden were initially on UPS, Stover's own pleadings and filings show that she was plainly aware that UPS was the proper defendant -- indeed, that there was no mistaken identity -- and this alone would suffice to shift the burden from UPS to Stover. See *Dean v. Hunt*, 273 Ga. App. 552, 553 (615 SE2d 620) (2005).

supporting her argument that UPS's notice of the December 2020 proceedings controls the application of OCGA § 9-11-15(c) to a renewal action.[6] Instead, a renewal action is a *de novo* proceeding, see *SunTrust v. Lilliston*, 302 Ga. 840, 843 (809 SE2d 819) (2018), and we look to the circumstances of that action to evaluate the applicability of OCGA § 9-11-15(c), see *Milburn v. Nationwide Ins. Co.*, 228 Ga. App. 398, 401-02(1)(c) (491 SE2d 848) (1997) (evaluating the applicability of OCGA § 9-11-15(c) based on the renewal complaint).

Stover also argues that OCGA § 9-11-15 (c) applies because UPS was "served with the Renewal Lawsuit early on" and "was the 'target' of a redundant Motion to Add." However, it is of no consequence that UPS was served with a copy of the renewal complaint "early on" or was a "target" of the "motion to add" because neither event occurred within the relevant limitation period; thus, these circumstances

---

[6] Stover cites *Jensen v. Yong Ha Engler*, 317 Ga. App. 879 (733 SE2d 52) (2012), for the proposition that "[t]he question of relation back of the amendment turns on fair notice of the same general fact situation from which the claim arises." However, *Jensen* concerns the addition of *claims* asserted after the expiration of the statute of limitation, not the addition of parties. See Id. at 879 ("On appeal, [the defendant] asserts that the trial court erred by allowing [the plaintiff] to amend her original complaint after the expiration of the statute of limitation to add claims for professional negligence and battery.").

do not satisfy the notice requirements of the second and third conditions of OCGA § 9-11-15(c).

Finally, Stover suggests that UPS had notice of the renewal lawsuit because UPS shares counsel with Allied Universal. Even if this fact, alone, were sufficient to impute notice of the renewal action on UPS -- which is doubtful, see *Matson v. Noble Inv. Group, LLC*, 288 Ga. App. 650, 656(2) (655 SE2d 275) (2007) (recognizing that notice to improper corporate defendant may be imputed on proper corporate defendant only where those corporations are "closely intertwined") -- there is nothing in the record to suggest that Allied Universal or its attorney had notice of the renewal action *before* the expiration of either the statute of limitation or the renewal period. As explained above, Stover's counsel did not discuss the renewal action with Allied Universal's counsel until November 9, 2022, and Allied Universal was not served with the renewal complaint until November 17, 2022. Consequently, this argument is unavailing. See *St. Francis Health, LLC v. Weng*, 354 Ga. App. 310, 312 n.5 (840 SE2d 712) (2020) ("Even if we assumed that the attorneys for [improper defendant] informed [the proper party] of the underlying lawsuit, the record shows that [the

improper party] was not served with the complaint (and therefore did not have notice of the lawsuit) until September 6, 2018, one day after the statute expired.").

Because UPS was not served with the renewal complaint until *after* the expiration of both the statute of limitation and the renewal period and because Stover's amended complaint adding UPS as a defendant to the renewal action does not relate to the date of the filing of that renewal complaint, her claims against UPS are time barred, and the trial court erred when it failed to grant UPS's motion to dismiss. Accordingly, the judgment of the trial court is reversed.

*Judgment reversed. Dillard, P. J., and Gobeil, J., concur.*